```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
EVELYN ELMRHARRI, as mother and natural guardian                  :
of A.E.,                                                          :
                                                                  :
                                Plaintiff,                        :     20-cv-0325 (LJL)
                                                                  :
                -v-                                               :     MEMORANDUM OPINION
                                                                  :     & ORDER
MARRIOTT INTERNATIONAL, INC.,                                     :
                                                                  :
                                Defendant.                        :
                                                                  :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2020
```

LEWIS J. LIMAN, United States District Judge:

This matter comes before the Court upon the application of Evelyn Elmrharri, as mother and natural guardian of A.E., an infant, for an infant compromise order approving a settlement with Defendant Marriott International, Inc. On August 20, 2020, the Court held a hearing on the fairness and reasonableness of the proposed settlement pursuant to Local Civil Rule 83.2. of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York and N.Y. C. P.L.R. § 1208. At the hearing, the Court found that the settlement amount, in terms of compensation to the infant, was fair, reasonable, and reached through arms-length negotiation but reserved decision with respect to attorneys' fees. Upon review of the application and its supporting materials, and after the hearing, the Court hereby approves the settlement with a reduction to the requested attorneys' fees.

"[I]n approving an infant settlement, the Court must not simply accept the contingency fee agreement between the parties," but rather "the amount of attorney compensation is fixed by and to be approved by the Court." *I.M. by Hartmann v. DiConstanzo*, 2020 WL 1330241, at *5 (S.D.N.Y. Mar. 23, 2020). "This requirement arises from the court's duty to protect infants and

other wards of the court." *White v. DaimlerChrysler Corp.*, 871 N.Y.S.2d 170, 173 (2d Dep't 2008). The Court considers several factors, including "(1) the 'skill, diligence, and expertise' of counsel; (2) the results she achieves; (3) the 'time and labor' devoted to the case; (4) the 'customary fee' charged by members of the Bar for similar services'[;] and (5) the 'certainty of compensation at the beginning of the case.'" *I.M. by Hartmann*, 2020 WL 1330241 at *5 (citation omitted); *see also Matter of Catherine K*, 803 N.Y.S.2d 193, 194 (2d Dep't 2005).

Plaintiff's counsel has requested one-third of the settlement amount of $90,000, or $30,000. "The 'starting point' in analyzing whether claimed attorney's fees are appropriate, however, is not Plaintiff['s] fee agreement, but rather 'the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *D.J. ex rel. Roberts v. City of New York*, 2012 WL 5431034, at *6 (S.D.N.Y. Oct. 16, 2012) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). Plaintiff's counsel submits a non-contemporaneous time sheet in support of his request for attorneys' fees that estimates a total of 41 hours expended "based on the notes [] maintain[ed] in [the] management software and based on customary timeframes for completion of same or similar tasks in other like cases." Dkt. No. 23. Plaintiff's counsel does not describe his usual billing rate for such work but describes himself as highly skilled in the prosecution of negligence cases in state court. *Id.* Courts have held found hourly rates in the range of $250 to $600 for experienced counsel to be reasonable. *See Campbell v. City of New York*, 2015 WL 7019831, at *5 n.1 (S.D.N.Y. Nov. 10, 2015) (listing cases). Dividing the request for attorneys' fees of $30,000 by 41 hours expended would yield an hourly rate of $731. Although Plaintiff's counsel achieved a favorable outcome, the requested fee award is too high given the number of the hours spent on this action, the nature of the tasks performed, and the fees awarded in similar cases. The Court concludes that reducing

the attorneys' fee award closer to the lodestar amount, or $24,000, is appropriate.

For the reasons stated above, the proposed settlement is approved with a reduction to attorneys' fees. Evelyn Elmrharri is authorized and empowered, in the interest of the above-referenced infant, to settle and compromise the infant's claims, resulting in a settlement payment by Defendant of $90,000 in full satisfaction of all claims for damages, attorneys' fees, and interest. In accordance with the terms of the infant compromise order, $66,000 shall be paid by the Defendant to Plaintiff, and $24,000 shall be paid by the Defendant to Plaintiff's counsel.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 2, 2020
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge